**ALEXANDER KRAKOW + GLICK LLP**
Tracy L. Fehr (State Bar No. 239005)
Joshua M. Arnold (State Bar No. 240154)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: 310 394 0888 | F: 310 394 0811
E: tfehr@akgllp.com | jarnold@akgllp.com

Attorneys for Plaintiff
LINDA WILLS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

LINDA WILLS, an individual,

      Plaintiff,

  vs.

SUPERIOR COURT OF
CALIFORNIA, COUNTY OF SAN
BERNARDINO, a Government Entity;
ANABEL ROMERO, an individual,

      Defendants.

Case No. 5:18-CV-02654-MWF (SPx)

FIRST AMENDED COMPLAINT FOR DAMAGES:

1) Disability Discrimination in Violation of the Americans With Disabilities Act (42 USC §12101)
2) Failure to Accommodate in Violation of the Americans With Disabilities Act (42 USC §12101)
3) Retaliation and Interference in Violation of the Americans With Disabilities Act (42 USC §12203)
4) Disability Discrimination in Violation of the FEHA (Cal Gov. Code § 12940)
5) Disability Discrimination in Violation of the Rehabilitation Act (29 USC § 794)
6) Failure to Reasonably Accommodate Disability in Violation of the FEHA (Cal. Gov't Code § 12940 (m) (1))
7) Failure to Engage in the Interactive Process in Violation of the FEHA (Cal. Gov't Code § 12940 (n))
8) Retaliation in Violation of FEHA (Cal. Gov't Code 12940 (h))
9) Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation in Violation of the FEHA (Cal. Gov't Code § 12940 (k))
10) Defamation (Cal. Civil Code §§ 45, 45a, 46)

**DEMAND FOR JURY TRIAL**

1

Plaintiff LINDA WILLS ("Plaintiff") complains and alleges as follows:

## INTRODUCTION

1.    This is an action for relief from Defendants' numerous violations of Plaintiff's civil rights. Violations include, among others: discrimination and failure to accommodate in violation of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"), California's Fair Employment and Housing Act ("FEHA"), and California public policy, as well as defamation.

2.    Plaintiff Linda Wills worked for Defendant Superior Court of California, County of San Bernardino at the Rancho Cucamonga Superior Court ("SB COURT") for over a year and was qualified to perform her job duties with or without reasonable accommodation. On or about January 25, 2018, approximately one week after learning of Plaintiff's disability, SB COURT unlawfully fired her as a result of discriminatory and defamatory comments by Defendant Anabel Romero ("ROMERO").

3.    Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages (against Defendant ROMERO only), lost wages and benefits, front pay, and attorneys' fees and costs, as well as other appropriate relief as determined by this court, for Defendants' violations of her rights.

## JURISDICTION AND VENUE

4.    This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 2201 and 2202. This is an action arising under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

5.    This court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's claims pursuant to the FEHA and her defamation claim are related to her federal claims, as all of Plaintiff's claims share common operative facts. Resolving all state and federal claims in a single

action serves the interests of judicial economy, convenience, and fairness to the parties.

6.    The Central District of California has personal jurisdiction over Defendant SB COURT.  Defendants are a government entity in California, and in this Central District of California, Eastern Division, and many of the acts complained of, which gave rise to the claims alleged, occurred in this district and division.

7.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this District.  Defendant SB COURT conducts governmental business in Rancho Cucamonga, California, employed Plaintiff and others there, and it is the location of almost all relevant events and omissions supporting Plaintiff's claims for relief.

## PARTIES

8.    Plaintiff Linda Wills ("Plaintiff" or "Ms. Wills") suffers from a disability and was employed by Defendants for approximately fourteen (14) months, ending on or about January 24, 2018.

9.    Defendant SB COURT is a Government Agency of the State of California, which maintains facilities and operations in this District.  SB COURT is a public entity and an employer subject to suit and injunctive relief under the ADA and the FEHA.  SB COURT, as a California court, receives federal financial assistance, and thus is also an employer subject to suit under the Rehab Act.

10.  Defendant ANABEL ROMERO ("ROMERO") is an individual, employed by Defendant SB COURT as Deputy Court Executive Officer of Operations from approximately June 2017 through 2018.

11.  Plaintiff is informed and believes and on such basis alleges that Defendants, and each of them, were the agents and employees of all other Defendants, and approved and/or ratified the conduct of other Defendants, and were acting within the course and scope of such agency and employment.

## ADMINISTRATIVE EXHAUSTION

12.   On June 18, 2018, Plaintiff filed a complaint of discrimination with the California Department of Fair Employment and Housing ("DFEH"), and received a Right-To-Sue Notice with the assigned matter number of 201806-02583113.

13.   Plaintiff filed a tort claim on June 18, 2018.  A copy was also sent to Kimberlie Turner in SB COURT's HR department on June 19, 2018.  Plaintiff received notice that the tort claim had been rejected on August 31, 2018.

14.   On June 27, 2018, Plaintiff filed a Charge of Discrimination with the U.S. Equal Opportunity Commission ("EEOC") and requested a Right-To-Sue Notice, enclosing a copy of the DFEH Complaint and Right-To-Sue Notice.  On October 2, 2018, the EEOC notified Plaintiff that it would not be able to investigate and conciliate the charge within 180 days of the date the EEOC assumed jurisdiction, nor would the EEOC be filing a lawsuit within that time.  As such, the EEOC issued a Right-To-Sue Notice to Plaintiff for assigned matter number 480-2018-003924.

15.   On December 19, 2018, Plaintiff filed a second complaint of discrimination with the DFEH regarding more recent acts of discrimination and retaliation and received a Right-To-Sue Notice with the assigned matter number of 201812-04574920.

16.   Thus, Plaintiff has exhausted all administrative remedies.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17.   Plaintiff is a person with a disability of bipolar disorder.  Her condition is well-controlled by medication.

18.   In 2007, while working for Orange County Superior Court ("OC Court"), Plaintiff had a manic episode caused by her bipolar disorder, for which OC Court terminated her employment.  Ms. Wills filed a FEHA lawsuit in state court over this termination, alleging disability discrimination.  Plaintiff has not suffered a manic episode since the 2007 episode which directly preceded OC Court's

termination of her employment.

19.   In November 2017, SB COURT hired Plaintiff as a Legal Processing Assistant I Trainee.  After passing her initial two-month probation, Plaintiff was promoted to a Legal Processing Assistant I.  She passed her six-month and one-year probationary reviews, received multiple raises, and performed well.  Her supervisor Gabriela Lee and Office Manager Yvette Bynum informed Plaintiff that she was doing an excellent job.

20.   In approximately June 2017, Deputy Court Executive Officer of Operations ANABEL ROMERO transferred from OC COURT to SB COURT.  While employed at OC COURT, ROMERO had been involved in assisting in the defense of Plaintiff's lawsuit, and knew of Plaintiff's disability.  Plaintiff and ROMERO did not meet at the SB COURT for several months.

21.   On or about January 18, 2018, ROMERO and Plaintiff were introduced at SB COURT and ROMERO had an immediate and visible negative reaction to Ms. Wills' name.  It was clear that ROMERO recognized Ms. Wills' name and remembered Ms. Wills' disability and lawsuit.

22.   Less than a week later, on or about January 25, 2018, SB COURT abruptly terminated Plaintiff's employment.  SB COURT's only stated reason for this termination was the pretext that Plaintiff was unqualified for the job she had been performing to positive reviews for over a year.  Plaintiff had received no warnings, coaching, or progressive discipline prior to her termination.  The termination memorandum was signed by Kimberlie Turner, the head of Human Resources, and the termination checklist with a listed "effective date" of "1/25/18" was unsigned.

23.   As Plaintiff knew she had been performing well, she protested the wrongful termination and asked for the real reason for her termination.  Her District Manager would only say that a "new development" had come to light and that Ms. Wills could ask Human Resources about it.

24.   When Plaintiff asked Human Resources the real reason for her termination, Lori Roberts told her that she did not have the necessary qualifications for the job and refused to say more.  Later, Ms. Roberts reiterated that SB COURT discovered new information about Plaintiff that necessitated her termination.

25.   Plaintiff is informed and believes that ROMERO, and potentially others, made false statements that Plaintiff is a danger to herself or others, that Plaintiff is a danger because she has bipolar disorder, that Plaintiff is unqualified to work for SB COURT and other courts because she has bipolar disorder, that Plaintiff cannot work for the Superior Court because she previously filed a lawsuit against the Superior Court, and similar statements.

26.   SB COURT and ROMERO terminated and defamed Plaintiff due to her disability and perceived disability, and in retaliation for complaining of discrimination and retaliation and attempting to enforce her FEHA rights in her previous lawsuit. SB COURT failed to accommodate Plaintiff's disability, failed to engage in the interactive process, and failed to prevent discrimination and retaliation.

27.   Following Plaintiff's termination, she applied for open positions at various courthouses in the Superior Court system run by the State of California.  She was rejected for each position, often without being invited to test for the position, though she clearly qualified for testing.  Plaintiff was informed that she would not be rehired and is informed and believes that she has been designated ineligible for rehire by the courts of the State of California.

**DEMAND FOR JURY TRIAL**

28.   Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

/ / /

/ / /

## **FIRST CLAIM FOR RELIEF**

### **Disability Discrimination**

### **In Violation of the Americans With Disabilities Act of 1990**

### **(42 U.S.C. § 12101, *et seq.*)**

### **Against Defendant SB COURT**

29.  Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

30.  Title I of the ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to … other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).

31.  At all times relevant herein, Plaintiff was a qualified individual with a mental disability and a history/record of disability, able to safely perform all essential functions with or without accommodation.  Plaintiff's disability substantially limited her ability to perform major life activities including but not limited to caring for herself, learning, reading, concentrating, thinking, communicating, working, and interacting with others.  Defendants regarded Plaintiff as disabled.

32.  In violation of Plaintiff's right to be free from disability-based discrimination under Title I of the ADA, among other things, Defendants terminated Plaintiff's employment, falsely informed Plaintiff that she was "not qualified" to continue to hold the position she had successfully performed for 14 months, made false statements regarding Plaintiff and her disability, and refused to hire or rehire Plaintiff.

33.  Prior to taking these adverse actions, Defendants failed to engage in an effective interactive process with Plaintiff that would have enabled Plaintiff to retain her employment or be hired into a new position.

34.  As a direct and proximate result of these unlawful acts, Plaintiff has

suffered and continues to suffer economic damages including but not limited to lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial but in excess of the jurisdictional limits of this Court.

35.  As a further direct and proximate result of said Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer from emotional and mental distress including but not limited to pain, suffering, humiliation, shame, anxiety, embarrassment, and physical symptoms, and has incurred and continues to incur special and general damages, in a sum within the jurisdiction of this Court, to be ascertained according to proof.

36.  Plaintiff also prays for declaratory relief, injunctive relief, and reasonable costs and attorneys' fees against Defendant, as allowed by applicable statutes for Plaintiff's prosecution of this action.

## SECOND CLAIM FOR RELIEF

### Failure to Accommodate

### In Violation of the Americans With Disabilities Act of 1990

### (42 U.S.C. § 12101, *et seq.*)

### Against Defendant SB COURT

37.  Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

38.  It is unlawful under the ADA for an employer "not [to] mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."  42 U.S.C. § 12112(b)(5).  "To determine the appropriate reasonable accommodation it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of the accommodation."  29 C.F.R. § 1630.2(o)(3) (2011); see also 29 C.F.R. pt. 1630, app. at § 1630.9 (2011).  Defendants knew and had reason to know that Plaintiff had a disability due to the public nature of Plaintiff's previous legal action against OC Court and ROMERO's current knowledge of Plaintiff and

1  Plaintiff's history of disability.

2      39.   Plaintiff experienced workplace problems due to her disability,

3  including but not limited to ROMERO making statements regarding her disability,

4  that Plaintiff was unable to perform her job due to her disability, and/or that Plaintiff

5  could not be permitted to work for SB COURT due to her disability.  Defendant

6  could have reasonably accommodated Plaintiff's disability to allow Plaintiff to

7  continue performing the essential functions of her job.   Defendant did not

8  accommodate Plaintiff's disability.

9      40.   By failing to accommodate Plaintiff's disability, or to engage in an

10  effective interactive process with Plaintiff, as alleged herein, Defendants violated

11  the ADA.

12      41.   As a direct and proximate result of these unlawful acts, Plaintiff has

13  suffered and continues to suffer economic damages including but not limited to lost

14  wages, employment benefits, pension benefits and other compensation, in an

15  amount to be proven at trial but in excess of the jurisdictional limits of this Court.

16      42.   As a further direct and proximate result of said Defendant's unlawful

17  conduct, Plaintiff has suffered and continues to suffer from emotional and mental

18  distress including but not limited to pain, suffering, humiliation, shame, anxiety,

19  embarrassment, and physical symptoms, and has incurred and continues to incur

20  special and general damages, in a sum within the jurisdiction of this Court, to be

21  ascertained according to proof.

22      43.   Plaintiff is entitled to compensatory damages, lost wages and benefits,

23  declaratory and injunctive relief, attorneys' fees and costs, and other appropriate

24  relief as determined by this court.

25      / / /

26      / / /

27      / / /

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## THIRD CLAIM FOR RELIEF

### Retaliation and Interference

### In Violation of the Americans With Disabilities Act of 1990

### (42 U.S.C. § 12203, *et seq.*)

### Against Defendant SB COURT

44. Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

45. The ADA prohibits any person from discriminating against any individual for opposing any act made unlawful by the Act, and from interfering with any individual in the exercise or enjoyment of her rights under the Act. 42 U.S.C. § 12203(a), (b)).

46. Plaintiff engaged in numerous protected activities, including but not limited to: disclosing her disability to OC Court, requesting accommodation from OC Court, and reporting and resisting discrimination, including but not limited to filing a DFEH complaint and lawsuit against OC Court and protesting her discriminatory termination from SB COURT.

47. Defendants took several adverse actions against Plaintiff due to her protected activities, including but not limited to terminating Plaintiff's employment, all without adequate and effective communication or interaction, and repeatedly refusing to hire or rehire Plaintiff and designating her ineligible for rehire.

48. As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer economic damages including but not limited to lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial but in excess of the jurisdictional limits of this Court.

49. As a further direct and proximate result of said Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer from emotional and mental distress including but not limited to pain, suffering, humiliation, shame, anxiety, embarrassment, and physical symptoms, and has incurred and continues to incur

10

special and general damages, in a sum within the jurisdiction of this Court, to be ascertained according to proof.

50.    Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## FOURTH CLAIM FOR RELIEF

### Disability Discrimination

### In Violation of the Rehabilitation Act

### (29 U.S.C. § 794, *et seq.*)

### Against Defendant SB COURT

51.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

52.    To establish a prima facie case of disability discrimination under the Rehabilitation Act, Plaintiff must show that: (1) she is disabled within the meaning of the Act; (2) she is qualified to perform the essential functions of the job, either with or without reasonable accommodation; 3) the employer acted adversely against her solely because of her disability; and 4)  the employer receives federal financial assistance.  *See Zukle v. Regents of Univ. of Cal.* (9th Cir.1999) 166 F.3d 1041, 1045 (9th Cir.1999).

53.    Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act.   29 U.S.C, § 705(20)(B) (for purposes of Section 504, a disability is defined in 42 U.S.C. § 12102).

54.    Plaintiff is qualified to perform the essential functions of her job, and indeed, was effectively performing them until Defendant SB COURT learned of Plaintiff's disability.

55.    Defendant SB COURT's termination of Plaintiff's employment was solely due to her disability.

56.    California as a whole, and California state courts specifically, receive

billions of dollars in federal financial assistance.  As a Superior Court in the state of California, Defendant SB Court is a recipient of that federal financial assistance.

57.  Pursuant to 29 U.S.C. § 794a, Plaintiff is entitled to entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

### FIFTH CLAIM FOR RELIEF

**Disability Discrimination**

**In Violation of the Fair Employment and Housing Act**

**(Cal. Gov't Code § 12940 (a), (m))**

**Against Defendant SB COURT**

58.  Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

59.  SB COURT is an employer that regularly employs five (5) or more persons.  Plaintiff was an employee of SB COURT when SB COURT discriminated against her because of her disability (bipolar disorder) and/or perceived disability.

60.  During her employment with Defendant SB COURT, Plaintiff suffered from and had a history of suffering from mental disabilities which limited her in major life activities.  Defendants were aware of Plaintiff's disabilities, history of disabilities, and potential and perceived disabilities, because ROMERO was aware, and because others at SB COURT were notified by ROMERO.

61.  Plaintiff was qualified for the position she held, in that she could perform the essential duties of her position, with or without reasonable accommodation.

62.  Plaintiff was treated less favorably than other individuals outside the protected class, as evidenced by conduct including but not limited to: termination of Plaintiff's employment, providing Plaintiff with a false and defamatory reason for termination, and refusal to hire or rehire Plaintiff.

63.  Plaintiff's disability, history of disability, and/or perceived disability

12

were a substantial motivating reason for the adverse actions taken by Defendants. Defendants' discriminatory conduct constitutes unlawful discrimination in employment on account of disability and a failure to reasonably accommodate disability in violation of section 12940 of the California Government Code.

64.   As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer economic damages including but not limited to lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial but in excess of the jurisdictional limits of this Court.

65.   As a further direct and proximate result of said Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer from emotional and mental distress including but not limited to pain, suffering, humiliation, shame, anxiety, embarrassment, and physical symptoms, and has incurred and continues to incur special and general damages, in a sum within the jurisdiction of this Court, to be ascertained according to proof.

66.   Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

### SIXTH CLAIM FOR RELIEF

**For Failure to Reasonably Accommodate Disability**

**In Violation of the Fair Employment and Housing Act**

**(Cal. Gov't Code § 12940 (m) (1))**

**Against Defendant SB COURT**

67.   Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

68.   Plaintiff has a mental disability, Defendants knew of Plaintiff's mental disability, and Defendants treated Plaintiff as if she had a mental disability.  Plaintiff was able to perform the essential functions of her job with reasonable accommodation for her disability.  Defendants failed to accommodate Plaintiff's

disability.

69.  Defendants' failure to accommodate Plaintiff's disability constitutes unlawful discrimination in employment on account of disability and unlawful failure to accommodate, in violation of the provisions of the California Fair Employment and Housing Act.

70.  As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer economic damages including but not limited to lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial but in excess of the jurisdictional limits of this Court.

71.  As a further direct and proximate result of said Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer from emotional and mental distress including but not limited to pain, suffering, humiliation, shame, anxiety, embarrassment, and physical symptoms, and has incurred and continues to incur special and general damages, in a sum within the jurisdiction of this Court, to be ascertained according to proof.

72.  Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## SEVENTH CLAIM FOR RELIEF
### For Failure to Engage in the Interactive Process
### In Violation of the Fair Employment and Housing Act
### (Cal. Gov't Code § 12940 (n))
### Against Defendant SB COURT

73.  Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

74.  It is unlawful for an employer to fail to engage in an affirmative, interactive accommodation process to identify and implement effective accommodations for an employee with a known disability.  Cal. Gov't Code §§

14

12940(k) and (n); *Prilliman v. United Airlines* (1997) 53 Cal. App. 4th 935, 950-51. It is further unlawful for an employer to fail to take all steps necessary to prevent discrimination from occurring.  Cal. Gov't Code § 12940(k).

75.    Defendants knew of Plaintiff's mental disability and/or perceived Plaintiff to have a mental disability.  Plaintiff was willing to participate in an interactive process and requested reasonable accommodation of her disability.

76.    Here, Defendant SB COURT failed to comply with subsections (k) and (n) of California Government Code section 12940 and failed to participate in a timely good-faith interactive process.  Instead, Defendant SB COURT discriminated against Plaintiff by refusing to accommodate her and by terminating her.

77.    As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer economic damages including but not limited to lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial but in excess of the jurisdictional limits of this Court.

78.    As a further direct and proximate result of said Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer from emotional and mental distress including but not limited to pain, suffering, humiliation, shame, anxiety, embarrassment, and physical symptoms, and has incurred and continues to incur special and general damages, in a sum within the jurisdiction of this Court, to be ascertained according to proof.

79.    Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

/ / /

/ / /

/ / /

/ / /

# EIGHTH CLAIM FOR RELIEF

## For Retaliation

## In Violation of the Fair Employment and Housing Act

## (Cal. Gov't Code § 12940 (k))

## Against Defendant SB COURT

80.   Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

81.   The FEHA prohibits retaliation against anyone for their exercise of their protected rights.

82.   Plaintiff engaged in protected conduct in numerous ways, including but not limited to, requesting reasonable accommodation of her disability from OC Court, taking a disability leave from OC Court, filing a DFEH complaint against OC Court, filing a lawsuit for disability discrimination against OC Court, and protesting her discriminatory termination from SB COURT.   After Defendant SB COURT learned that Plaintiff engaged in that protected conduct, Defendant SB COURT retaliated against her by, among other things, making false claims about Plaintiff, terminating her, and failing to hire or rehire her and designating her ineligible for rehire.   Plaintiff's protected activity was a substantial motivating reason for Defendants' adverse actions.

83.   Defendants' conduct constitutes unlawful retaliation in violation of section 12940 of the California Government Code.

84.   As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer economic damages including but not limited to lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial but in excess of the jurisdictional limits of this Court.

85.   As a further direct and proximate result of said Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer from emotional and mental distress including but not limited to pain, suffering, humiliation, shame, anxiety,

16

embarrassment, and physical symptoms, and has incurred and continues to incur special and general damages, in a sum within the jurisdiction of this Court, to be ascertained according to proof.

86.   Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

## NINTH CLAIM FOR RELIEF

**For Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation In Violation of the FEHA**

**(Cal. Gov't Code § 12940 (k))**

**Against Defendant SB COURT**

87.   Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

88.   Plaintiff was subjected to discrimination and retaliation during and after her employment with SB COURT.   Defendant SB COURT failed to take all reasonable steps necessary to prevent discrimination and retaliation, in violation of the provisions of Government Code Section 12940(k). Defendant SB COURT failed to ensure that Plaintiff would not suffer discrimination and retaliation as a result of her disability, failed to train its management in the requirements of our discrimination laws, and enabled management to terminate Plaintiff for her disability, fail to hire or rehire her, and designate her ineligible for rehire.

89.   As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer economic damages including but not limited to lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial but in excess of the jurisdictional limits of this Court.

90.   As a further direct and proximate result of said Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer from emotional and mental distress including but not limited to pain, suffering, humiliation, shame, anxiety,

embarrassment, and physical symptoms, and has incurred and continues to incur special and general damages, in a sum within the jurisdiction of this Court, to be ascertained according to proof.

91.   Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

### TENTH CLAIM FOR RELIEF

**Defamation**

**(Cal. Civil Code §§ 45, 45a, 46)**

**Against Defendants SB COURT and ROMERO**

92.   Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

93.   As described above, ROMERO and others made false statements that Plaintiff is a danger to herself or others, Plaintiff is a danger because she has bipolar disorder, Plaintiff is unqualified to work for SB COURT because she has bipolar disorder, Plaintiff cannot work for the Superior Court because she previously filed a lawsuit against the Superior Court, and similar false statements.

94.   Plaintiff is informed and believes that Defendants, each of them, by the herein-described acts, negligently, recklessly, and intentionally caused excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons.   These false and defamatory statements, including, but not limited to, express and implied accusations that Plaintiff is a danger to herself or others, Plaintiff is a danger because she has bipolar disorder, Plaintiff is unqualified to work for SB COURT because she has bipolar disorder, Plaintiff cannot work for the Superior Court because she previously filed a lawsuit against the Superior Court, and similar statements.

95.   The publication of these statements occurred between January 18, 2018 and the date of this Complaint. These publications were outrageous, negligent,

reckless, intentional, and maliciously published and republished by Defendants. Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, each of them, were and continue to be, foreseeably published and republished by Defendants, their agents, employees, and recipients in the community. Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

96. During the above-described time-frame, Defendants, each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, other agents and employees of Defendants, each of them, and the community, all of whom are known to Defendants.

97. The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or substance, including, but not limited to, that Plaintiff is a danger to herself or others, Plaintiff is a danger because she has bipolar disorder, Plaintiff is unqualified to work for SB COURT because she has bipolar disorder, Plaintiff cannot work for the Superior Court because she previously filed a lawsuit against the Superior Court, and similar statements.

98. Plaintiff is informed, believes and fears that these false and defamatory per se statements will continue to be published by Defendants, each of them, and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including her own compelled self-publication of these defamatory statements.

99. The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants, each of them, but unknown to Plaintiff at this time.

100. Defendants' defamatory publications against Plaintiff referenced above are not true. The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

101. Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, to cause further damage to Plaintiff's professional and personal reputation, to justify her firing. Each of these publications by Defendants were made with knowledge that no investigation was undertaken or occurred to support the unsubstantiated and obviously false statements.

102. These acts of publication were known by Defendants to be negligent to such a degree as to be reckless. In fact, not only did Defendants have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

103. The above complained-of publications by Defendants were made with

20

hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, her reputation, employment and employability.    The publications were also made as a further act of discrimination and retaliation against Plaintiff. Defendants published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy her reputation.    Therefore, no privilege existed to protect Defendants from liability for any of these aforementioned publications or republications.

104. As a proximate result of the publication and republication of these defamatory statements by Defendants, Plaintiff has suffered injury to her personal, business    and    professional    reputation    including    suffering    embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

105. Defendants committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights.    All actions of Defendants, herein alleged were known, ratified and approved by the Defendants.    Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

106. The above recited actions of Defendants were committed with malice, fraud and/or oppression and in reckless disregard of the rights of Plaintiffs. Plaintiff is informed and believes, and on that basis alleges, that the acts taken towards him

were carried out in a malicious, oppressive, and fraudulent manner in order to harm Plaintiff, or with a willful and conscious disregard of Plaintiff's rights, thereby causing him unjust hardship, humiliation, and/or emotional distress. Such conduct was despicable and justifies an award of punitive damages against ROMERO in an amount sufficient to deter her from engaging in such conduct again in the future, in an amount according to proof at time of trial.

107. As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer economic damages including but not limited to lost wages, employment benefits, pension benefits and other compensation, in an amount to be proven at trial but in excess of the jurisdictional limits of this Court.

108. As a further direct and proximate result of said Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer from emotional and mental distress including but not limited to pain, suffering, humiliation, shame, anxiety, embarrassment, and physical symptoms, and has incurred and continues to incur special and general damages, in a sum within the jurisdiction of this Court, to be ascertained according to proof.

/ / /

/ / /

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.   For declaration that Defendants' actions and practices as alleged herein are unlawful;

2.   For general, special, and compensatory damages, according to proof;

3.   For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

4.   For loss of income and other economic damages incurred and to be incurred according to proof;

5.   For interest on damages, including pre-and post-judgment interest;

6.   For an order enjoining Defendant from engaging in the unlawful acts complained of herein;

7.   For reasonable attorneys' fees and costs, including expert witness fees, pursuant to 42 U.S.C. § 2000e-5(k), and other laws;

8.   For all applicable penalties provided by law;

9.   For punitive and exemplary damages, against Defendant ROMERO only, where applicable and according to proof;

10.   For reinstatement, reimbursement, and restitution, and other equitable relief; and

11.   Such other relief as the Court deems just and proper.


DATED:  January 23, 2019          ALEXANDER KRAKOW + GLICK LLP


By:   _/s/ Joshua M. Arnold_____
Tracy L. Fehr
Joshua M. Arnold
Attorneys for Plaintiff
LINDA WILLS

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a trial by jury.

3

4

5    DATED:  January 23, 2019              ALEXANDER KRAKOW + GLICK LLP

6

7                                    By:    /s/ Joshua M. Arnold_____
8                                           Tracy L. Fehr
                                            Joshua M. Arnold
9                                           Attorneys for Plaintiff
                                            LINDA WILLS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL